IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

ROY K. MACMILLAN,            )
                                     )
         Plaintiff,         )    TC-MD 170391R
                                     )
     v.                  )
                                     )
YAMHILL COUNTY ASSESSOR,   )
                                     )
         Defendant.    )    **FINAL DECISION OF DISMISSAL**[1]

Plaintiff appeals the personal property assessment of property identified as Account 562045 for the 2017-18 tax year. A trial was held on August 16, 2018, in the Oregon Tax Court. Roy K. MacMillan (MacMillan) appeared and testified on his own behalf. Laurie Craghead and Christopher Lanegan appeared on behalf of Defendant. No exhibits were received into evidence.

Prior to the start of the trial, MacMillan made an oral motion for the court to reconsider its prior ruling denying his motion to postpone the trial. The court denied the motion because MacMillan offered no new evidence of exceptional circumstances to warrant continuance of the trial pursuant to Tax Court Rule-Magistrate Division (TCR-MD) 8 B(3).

## I. STATEMENT OF FACTS

MacMillan testified that he completed a personal property tax return and submitted it to Defendant for the 2017-18 tax year. He testified he received a tax bill from Defendant which was substantially higher than it should have been, and based on erroneous information. MacMillan testified that he went to Defendant's office and felt like the staff there treated him as a "tax cheat." He testified that he presented information to correct Defendant's records, but later

---

[1] This Final Decision of Dismissal incorporates without change the court's Decision of Dismissal, entered August 22, 2018. The court did not receive a statement of costs and disbursements within 14 days after its Decision of Dismissal was entered. *See* Tax Court Rule–Magistrate Division (TCR–MD) 16 C(1).

received an adjusted bill that included items he felt were not personal property. Specifically, he challenged some of the items identified by Defendant as "leasehold improvements," which in his view should have been taxed as real property and not as personal property.

At the conclusion of MacMillan's case-in-chief, Defendant orally moved to dismiss the case for failure to present evidence of value. The court constructed Defendant's motion as one under Tax Court Rule (TCR) 60.

## II. ANALYSIS

TCR 60 states in pertinent part: "Any party may move for a dismissal at the close of the evidence offered by an opponent or at the close of all the evidence. * * * A motion for dismissal must state the specific grounds therefor. The judgment of the court granting a motion for dismissal shall be with prejudice."

The Tax Court previously has stated that "[i]n order to prevail on a motion for directed verdict pursuant to TCR 60, the moving party must demonstrate that the record contains no evidence to support the nonmoving party's claim or claims. The court will not weigh the evidence; rather, it will consider the entire record and afford the nonmoving party all reasonable inferences drawn therefrom, in the light most favorable to that party." *Freitag v. Dept. of Rev.*, 18 OTR 368, 373–74 (2005) (citations omitted). In *Freitag*, the court found that other than an opinion of the ultimate value of the subject property, the taxpayer did not present any evidence of value. *Id.* at 369–70, 374. Instead, the taxpayer merely attacked the county's position. The court noted that "it is not enough for a taxpayer to criticize a county's position. Taxpayers must provide competent evidence of the [Real Market Value] of their property." *Id.* at 374 (quoting *Poddar v. Dept. of Rev.*, 18 OTR 324, 332 (2005)).

MacMillan offered no evidence of the real market value of the subject property, rather, he

simply disagreed with Defendant's position.  During oral argument on Defendant's motion to dismiss, MacMillan stated that he did not have sufficient time to prepare evidence for trial.

III.  CONCLUSION

Due to a lack of evidence, the court must dismiss the case pursuant to TCR 60.  Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiff's appeal is dismissed.

Dated this ___ day of September 2018.


RICHARD DAVIS
MAGISTRATE

*If you want to appeal this Final Decision of Dismissal, file a complaint in the Regular Division of the Oregon Tax Court, by mailing to: 1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within 60 days after the date of the Final Decision of Dismissal or this Final Decision of Dismissal cannot be changed. TCR-MD 19 B.*

*This document was signed by Magistrate Davis and entered on September 7, 2018.*